O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BATTLE,<br><br>                      Plaintiff,<br><br>          vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                      Defendant. | Case No. CV 09-2162-DTB<br><br>ORDER REVERSING DECISION OF<br>COMMISSIONER AND REMANDING<br>FOR FURTHER ADMINISTRATIVE<br>PROCEEDINGS |

_____

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue No. 1, the Court concurs with plaintiff that reversal is warranted based on the Administrative Law Judge's ("ALJ") failure to properly evaluate and consider the opinion of plaintiff's treating physician, Dr. Lim. In her Decision, the ALJ found that the plaintiff retained the residual functional

_____

[1]     As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1  capacity to perform light work, specifically finding  that: She could sit for 6 hours;

2  could lift and carry 20 pounds occasionally and 10 pounds frequently; and could

3  occasionally bend, balance, stoop, kneel, crouch and crawl.  (AR at 92.)  In reaching

4  this conclusion, the ALJ specifically rejected the opinion of the plaintiff's treating

5  physician, Dee Beng Lim, M.D.  (AR at 93-94).  The ALJ found that Dr. Lim's

6  "conclusions" contained in his letter of March 1, 2007, were "not credible" and were

7  "rejected accordingly".  (AR at 94).  The ALJ based this finding on numerous factors.

8  For example, the ALJ found that Dr. Lim's finding that the plaintiff was "totally

9  disabled" was "excessive" and inconsistent with Dr. Lim's own objective findings

10  noting that, while Dr. Lim noted significant subjective complaints of pain by the

11  plaintiff, the MRI showed only "mild findings".  The ALJ also found no objective

12  basis for Dr. Lim's diagnosis of plaintiff suffering from "severe anxiety-depression".

13  Finally, the ALJ found that Dr. Lim's treatment notes indicate plaintiff was taking

14  only over-the-counter medication, and "refused" to take any other medications.  (Id.)

15      The ALJ further rejected Dr. Lim's assessment of plaintiff's impairment

16  contained in an undated spinal impairment questionaire, noting that "objective medical

17  findings" did not support Dr. Lim's conclusion that plaintiff suffered from severe

18  osteoarthritis of the lumbosacral spine with radiculopathy, and was unable to sit, stand

19  or walk for more than one hour each day, and was also limited to lift or carry more

20  than 10 pounds occasionally.  (Id.)  The ALJ noted that, contrary to Dr. Lim's

21  assessment, the MRI did not show severe osteoarthritis, but, rather, revealed only

22  "mild" findings.  Moreover, the ALJ noted that there was no "consistent" evidence of

23  gait abnormalities, motor or sensory deficits, or significant range of motion deficits.

24  (Id.)

25      Instead, the ALJ relied primarily on the testimony of Joseph Jensen, M.D., who

26  testified as a non-examining expert.  Dr. Joseph concluded that the plaintiff could,

27  inter alia, sit for six hours in an eight-hour period.  (Id.)

28      It is well established in this Circuit that a treating physician's opinions are

2

entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Thus, the mere fact that a treating physician's opinion is controverted by another physician's opinion is not in itself a sufficient reason to reject the treating physician's opinion, but rather is merely determinative of the governing standard for rejecting the treating physician's opinion. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

The Court finds and concludes that the ALJ failed to follow the proper legal standards here when she failed to set forth the requisite specific and legitimate reasons for rejecting the treating physician's opinion of disability.

Here, the ALJ's Residual Functional Capacity ("RFC") determination constituted an implicit rejection of the opinions of plaintiff's treating physician, Dr. Lim. In his letter dated March 1, 2007, as well as in his treatment notes and the undated spinal impairment questionnaire, (see AR 269-293) Dr. Lim's observations

1   of the plaintiff and his diagnosis consistently revealed the plaintiff was experiencing
2   severe subject symptoms from her lower back symptoms (see e.g.AR at 320-321,
3   March 20, 2007, letter indicating pain level of 8-9/10), and that her objective
4   symptoms indicated degenerative disc disease and a bulging disc at the L5-S1 level.
5   (Id.).  The Court finds that the asserted reasons for disregarding the conclusions of Dr.
6   Lim were not supported by specific and legitimate reasons, as required.

7        The spinal impairment questionaire reflects the conclusion of Dr. Lim that as
8   a result of plaintiff's spinal impairment, she was markedly limited in numerous
9   functional areas and extremely limited (i.e., lacked any "useful ability to function")
10  in one functional area - the ability to sit for more than an hour - and that her
11  impairments would cause her to be absent from work 3 days or more per month.  (See
12  AR 325, 327).  Among the reasons given by the ALJ for finding that Dr. Lim's
13  assessment is "not credible" was that Dr. Lim's opinion is "unsupported by objective
14  medical findings."  (See AR 94).  If, by her reference to "objective medical findings,"
15  the ALJ was referring to the conflicting opinions of other physicians of record, the
16  Court notes that the mere fact that a treating physician's opinion is controverted by
17  another physician's opinion is not in itself a sufficient reason to reject the treating
18  physician's opinion, but rather is merely determinative of the governing standard for
19  rejecting the treating physician's opinion.  Further, the ALJ's conclusory assertion to
20  the effect that Dr. Lim's opinion(s) "as unsupported by objective medical findings"
21  constitutes the same kind of non-specific boilerplate language rejected by the Ninth
22  Circuit as insufficient in Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).
23  There, the Ninth Circuit observed, "To say that medical opinions are not supported by
24  sufficient objective findings or are contrary to the preponderant conclusions mandated
25  by the objective findings does not achieve the level of specificity our prior cases have
26  required, even when the objective factors are listed seriatim."  Id. at 421.

27       With regard to Dr. Lim's finding that, as a result of the combination of the
28  plaintiff's degenerative sacroiliac joint disease, bulging lumbar disc, obesity and

4

1    coccydinia, she was precluded from, inter alia, sitting for more than one hour in an
2    eight hour work day, the Court notes that the limitation on sitting was not controverted
3    by any examining physician.  Again, the ALJ failed to set forth specific and legitimate
4    reasons, based on substantial evidence in the record, for rejecting Dr. Lim's finding.
5    (See Magallens, 881 F.2d at 751).

6         The record reflects that Dr. Lim noted both plaintiff's spinal impairment and
7    significant subject complaints of pain as of the first date of his treatment and
8    examination of the plaintiff on October 28, 2005, (AR at 293) as well as on each of
9    dates of treatment thereafter.  The record reflects that Dr. Lim treated plaintiff for over
10   two years, and ordered a variety of tests, including x-rays and an MRI, to ascertain the
11   precise source of plaintiff's back pain.  (See e.g. AR 287. 290-92.)  The duration and
12   nature of Dr. Lim's treatment of plaintiff would appear to support his diagnosis and
13   opinions.  Further, the ALJ's conclusion that plaintiff was "only" taking over-the-
14   counter medication, and that she "refused" to take any other medications is belied by
15   the record.  Dr. Lim noted that the plaintiff previously took Soma, Felderil and
16   Vicodin for her pain, but ceased because they were "too strong for her" (AR at 343;
17   AR at 273.), and noted elsewhere that plaintiff "does not want to take any medications
18   at this time" (AR at 288).  This is consistent with the plaintiff's testimony at the
19   hearing, in which she indicated that she stopped taking the prescription medication
20   due to the side effects of vomiting, nausea and dizzyness, and her concern with
21   possible addiction.  (AR at 66).  Thus, the ALJ failed to provide specific and
22   legitimate facts to support her conclusion that Dr. Lim's opinions were not supported
23   by record.

24        With regard to Disputed Issue No. 2, the ALJ's findings was that plaintiff's
25   statements concerning the intensity, persistence and limiting effects of her symptoms
26   were not credible to the extent that they were inconsistent with the ALJ's RFC
27   assessment.  (See AR 94-95).  The reasons provided by the ALJ for this adverse
28   credibility determination were: (1) Plaintiff has not established a medically-

5

1    determinable impairment which would reasonably be expected to produce such
2    limitations and (2) the fact that, in the ALJ's view, the objective medical findings
3    generally did not substantiate the extent of plaintiff's allegations. (Id.)

4        At the hearing, plaintiff testified, inter alia, that her worst problem was that she
5    "couldn't sit any longer and it was just very excruciating pain that I was
6    encountering", and that she had radiating pain in her shoulders and wrists which
7    inhibited her ability to grasp. (AR at 55-58). She also testified that she could not sit
8    for more than 15 minutes without having to lie down, and that she could barely lift a
9    half a gallon of milk. (AR 56). She also testified that she has pain in both of her
10    knees, which has inhibited her ability to walk. (AR at 55).

11        Where the claimant has produced objective medical evidence of an impairment
12    or impairments which could reasonably be expected to produce some degree of pain
13    and/or other symptoms, and the record is devoid of any affirmative evidence of
14    malingering, the ALJ may reject the claimant's testimony regarding the severity of the
15    claimant's pain and/or other symptoms only if the ALJ makes specific findings stating
16    clear and convincing reasons for doing so. See Smolen v. Chater, 80 F.3d 1273, 1281
17    (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v.
18    Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407
19    (9th Cir. 1986).

20        Here, the ALJ explicitly found that plaintiff suffered from degenerative disc
21    disease of the lumbar spine, morbid obesity and left shoulder tendonitis. (AR at 92)
22    This finding is consistent with the diagnosis of Dr. Lim. There is no dispute that
23    plaintiff is alleged to have suffered an injury to her coccyx in 2002 when she fell in
24    her employer's cafeteria (AR at 269), and she alleged significant lumbar/sacral pain
25    thereafter. In spite of the ALJ's characterization of the plaintiff's spinal condition as
26    "mild", Dr. Lim, the plaintiff's treating physician, indicated that plaintiff suffered
27    from degenerative changes at both sacro-iliac joints, and broad-based disc buldging
28    at the L5-S1. With regard to plaintiff's knees, as indicated during the hearing,

plaintiff had x-rays performed on both knees subsequent to the hearing, which revealed osteoarthritis in both knee joints, associated with bilateral chondrocalcinosis. (AR at 351).   This would appear to constitute objective medical evidence of impairments which would reasonably be expected to produce some degree of pain.

Since the ALJ did not make an express finding of malingering and the Commissioner has failed to cite any affirmative evidence of malingering in the record, the issue before the Court is whether the reasons given by the ALJ for her adverse credibility determination satisfy the standard set forth above.

The Court finds and concludes that the answer is no.  First, the ALJ failed to specify which statements by plaintiff concerning her symptoms and functional limitations were not credible and/or in what respect(s) plaintiff's statements were not credible.  See Smolen, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.").  Second, while an ALJ may properly rely on a claimant's unexplained or inadequately explained failure to seek treatment (see Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007), citing Fair v. Bowen, 885 F.2d 597, 603), here plaintiff's lack of active treatment for her back pain was not unexplained.  Plaintiff did seek treatment from a variety of providers, the most recent of which was Dr. Lim. With regard to the plaintiff's failure to seek surgical intervention, use a TENS unit or spend significant amounts of time in the hospital, the ALJ points to no medical provider ever prescribing any of these prescribed courses of treatment or therapy, and the record is devoid of any evidence plaintiff refused any course of treatment that was offered. Indeed, Dr. Lim notes that the plaintiff tried accupuncture to alleviate the pain, and was willing to consider it again as a course of treatment.  (AR at 273)  As set forth above, plaintiff explained her basis for not continuing to take prescription medication.

Third, the ALJ's conclusory assertion that the objective medical findings generally did not substantiate the extent of plaintiff's allegations imposed a burden on plaintiff that she did not have under the governing Ninth Circuit law.  See, e.g.,

1   Gonzalez v. Sullivan, 914 F.3d 1197, 1201 (9th Cir. 1990) ("The ALJ's opinion
2   indicates that he probably disbelieved the excess pain testimony because it was 'out
3   of proportion to the medical evidence'--an inadequate reason, since it is the very
4   nature of excess pain to be out of proportion to the medical evidence."); Cotton, 799
5   F.2d at 1407 ("Requiring full objective confirmation of pain complaints before
6   believing them 'would overlook the fact that pain is a highly idiosyncratic
7   phenomenon, varying according to the pain threshold and stamina of the individual
8   victim,' and it would trivialize the importance that we have consistently ascribed to
9   pain testimony, rendering it, in the final analysis, almost superfluous.").

## CONCLUSION AND ORDER

12      As to the issue of the appropriate relief, the law is well established that the
13  decision whether to remand for further proceedings or simply to award benefits is
14  within the discretion of the Court.  See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15
15  (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v.
16  Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted where additional
17  administrative proceedings could remedy defects in the decision.  See, e.g., Kail v.
18  Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635.  Remand for
19  the payment of benefits is appropriate where no useful purpose would be served by
20  further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir.
21  1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d
22  1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt
23  of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

24      The Court is mindful of Ninth Circuit case authority holding that "the district
25  court should credit evidence that was rejected during the administrative process and
26  remand for an immediate award of benefits if (1) the ALJ failed to provide legally
27  sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that
28  must be resolved before a determination of disability can be made; and (3) it is clear

1  from the record that the ALJ would be required to find the claimant disabled were

2  such evidence credited." <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004);

3  <u>see also</u>, <u>e.g.</u>, <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir. 2000)[2]; <u>Smolen</u>, 80

4  F.3d at 1292; <u>Varney v. Secretary of Health & Human Servs.</u>, 859 F.2d 1396, 1399-

5  1401 (9th Cir. 1988).  Under the foregoing case authority, when this test is met, the

6  Court will take the improperly discredited testimony as true and not remand solely to

7  allow the ALJ another opportunity to make specific findings regarding that testimony.

8  However, in <u>Connett</u>, 340 F.3d at 876, the panel held that the "crediting as true"

9  doctrine was not mandatory in the Ninth Circuit.  There, the Ninth Circuit remanded

10  for reconsideration of the claimant's credibility where the record contained

11  insufficient findings as to whether the claimant's testimony should be credited as true.

12  <u>See</u> <u>id.</u>

13        The Court has concluded that this is not an instance where no useful purpose

14  would be served by further administrative proceedings; rather, additional

15  administrative proceedings still could remedy the defects in the ALJ's decision.

16        Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY

17  ORDERED that Judgment be entered reversing the decision of the Commissioner of

18  Social Security and remanding this matter for further administrative proceedings.[3]

19  DATED: June 21, 2010

20

21

22                                           DAVID T. BRISTOW
                                             UNITED STATES MAGISTRATE JUDGE
23

24

25        [2]      In <u>Harman</u>, the Ninth Circuit noted that this three-part test "really

26  constitutes a two part inquiry, wherein the third prong is a subcategory of the second."

27  <u>Harman</u>, 211 F.3d at 1178 n.7.

28        [3]      It is not the Court's intent to limit the scope of the remand.

9